## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN E. WOLVERTON, DEBORAH GREENE, MICHAEL GREEN, individually and on behalf of each other herein,<br><br>           Plaintiffs,<br>  vs.<br><br>WELLS FARGO BANK N.A., *et al.*,<br><br>           Defendants. | Case No.: 2:11-cv-00628-GMN-PAL<br><br>**ORDER** |

## **INTRODUCTION**

Before the Court is Plaintiffs' Motions for a Temporary Restraining Order (ECF No. 13) and for a Preliminary Injunction (ECF No. 14).

IT IS HEREBY ORDERED that Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction are DENIED.

## **FACTS AND BACKGROUND**

Plaintiffs filed suit in state court on March 10, 2011, Case No. A-11-636604-C. Defendant MortgageIT removed the action to the United States District Court, District of Nevada on April 22, 2011 based on diversity of citizenship and federal questions grounds. (Removal, ECF No. 1). Plaintiffs' complaint lists ten causes of action that apparently arise out of Defendants' actions to foreclose upon Plaintiffs' residence. (*See* Complaint, Ex. 1, ECF No. 1). The Complaint is devoid of coherent facts that underlie the causes of actions. It appears that a loan was issued on or about December 19, 2005 to the Plaintiffs to purchase the residence located at 230 W. Highland Drive, Henderson, Nevada 89105. (*Id.*). Apparently another loan agreement was entered into by the

Plaintiffs on or about February 9, 2006, but there is no indication as to what this loan is for. (*Id.*). There are no facts regarding the foreclosure or what part each defendant took in the alleged harm that has occurred or is occurring against Plaintiffs.

Plaintiffs filed the instant motions for a TRO and PI that Defendants be enjoined from enforcing an order of writ of restitution and summary eviction of Plaintiffs from their home.

## DISCUSSION

**A.     Legal Standard**

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The

>alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 37476 (2008). The Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell,* 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12 (1982)) (emphases added).

A recent Ninth Circuit decision has clarified whether the slide scale approach is still a valid test under *Winter*. In *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, (9th Cir. 2011), the court held that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*. "[T]he 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test. That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135.

**B.    Analysis**

Plaintiffs' motions for a TRO and PI are deficient because Plaintiffs fail to offer

any arguments as to why the four *Winter* factors are satisfied.  Plaintiffs only reference one of the factors - irreparable harm.  Plaintiffs argue that they will be irreparably harmed because they will lose their real properly right and will no longer have alternative housing to reside.  Plaintiffs offer no arguments that they are likely to succeed on the merits of the case.  Further, the remaining two factors, the balance of hardships favoring the plaintiff and the advancement of the public interest are not discussed.  Therefore, under the Ninth Circuit's "serious questions" sliding scale test and the Supreme Court's *Winter* factors Plaintiffs have failed to put forth a showing that would allow this Court to issue a TRO or PI.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motions for a Temporary Restraining Order (ECF No. 13) and for a Preliminary Injunction (ECF No. 14) are **DENIED**.

DATED this 6th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge