# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KATHRYN E. WOLVERTON, DEBORAH GREENE, MICHAEL GREENE, individually and on behalf of each other herein,

    Plaintiffs,

vs.

WELLS FARGO BANK N.A., *et al.*,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:11-cv-00628-GMN-PAL

**ORDER**

## **INTRODUCTION**

Before the Court are Plaintiffs' Motions to Remand to State Court (ECF No. 23) and Motion to Stay Pending Determination on Motion to Remand (ECF No. 11). Defendant MortgageIT filed a Response to the Motion to Remand on May 17, 2011 (ECF No. 25) and Defendants Wells Fargo Bank, N.A., HSBC Bank USA, N.A., and HSBC Mortgage Corp. USA filed a joinder to the Response on May 19, 2011 (ECF No. 27). Plaintiffs did not file a Reply.

IT IS HEREBY ORDERED that Plaintiffs' Motions are DENIED.

## **FACTS AND BACKGROUND**

Plaintiffs filed suit in state court on March 10, 2011, Case No. A-11-636604-C. Defendant MortgageIT removed the action to the United States District Court, District of Nevada on April 22, 2011 based on diversity of citizenship and federal questions grounds. (Removal, ECF No. 1). Plaintiffs' Complaint lists ten causes of action that apparently arise out of Defendant's actions to foreclose upon Plaintiffs' residence. (*See* Complaint, Ex. 1, ECF No. 1).

1  Plaintiffs filed the instant Motion to Remand (ECF No. 23) the case to state court
2  claiming that this Court lacks jurisdiction because Plaintiffs have stated state law causes of
3  action in their Complaint.  Plaintiffs also filed a Motion to Stay the litigation pending the
4  resolution of the motion to remand.  (ECF No. 11).

## DISCUSSION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  A civil action brought in state court may be removed by the defendants to a federal district court if the district courts have original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  "'Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

The complaint states that Plaintiffs are residents of Clark County, State of Nevada. (Complaint, ¶1).  The Complaint lists every Defendant as a foreign corporation. (*Id.* at ¶¶ 4, 5, 6, 7, 8, 9, 10, 11, 12).  Thus there is diversity of citizenship under 28 U.S.C. § 1332(a).

Plaintiffs seek a rescission of the mortgage on the subject property which was in the approximate amount of $1,160,000.00. (*See* Complaint).  Plaintiffs also seek an order declaring that they are the owners of the subject property that was appraised in 2007 for a little under $1,000,000.00. (*See* Loan Application Ex. K, ECF No. 8).  Accordingly, the amount in controversy exceeds the statutory requirement of $75,000.

1  Further, removal of this action to federal district court was procedurally correct under 28 U.S.C. § 1446(a). Defendant filed a signed notice of removal with a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon Defendant. (*See* Petition for Removal, ECF No. 1). The petition for removal was filed within thirty days of the service of the summons and complaint on the Defendant and the petition was served on the Plaintiffs.

Plaintiffs have not challenged diversity of citizenship and based on the facts above the Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1332. Therefore Plaintiffs' Motion to Remand (ECF No. 23) is DENIED.

As the Court has issued a determination on the Motion to Remand, Plaintiffs' Motion to Stay (ECF No. 11) is moot.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to State Court (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay Pending Determination on Motion to Remand (ECF No. 11) is **DENIED as moot**.

DATED this 1st day of June, 2011.

_____
Gloria M. Navarro
United States District Judge