**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KATHRYN E. WOLVERTON, )
DEBORAH GREENE, MICHAEL )
GREEN, individually and on behalf of ) Case No.: 2:11-cv-00628-GMN-PAL
each other herein, )
 ) **ORDER**
            Plaintiffs, )
vs. )
 )
MORTGAGEIT, INC., *et al.*, )
 )
           Defendants. )
 )

## INTRODUCTION

Before the Court is Defendant MortgageIt, Inc.'s (hereinafter "MortgageIt") Motion to Dismiss (ECF No. 7), Defendants GMAC Mortgage, LLC (hereinafter "GMACM"), Mortgage Electronic Registration Systems, Inc. (hereinafter, "MERS") and Deutsche Bank National Trust Company's (hereinafter, "Deutsche Bank") Motion to Dismiss (ECF No. 17) and HSBC Bank USA, N.A.; HSBC Mortgage Corp. USA; and Wells Fargo Bank N.A.'s (collectively "HSBC and Wells Fargo") Motion to Dismiss and Release of Lis Pendens(ECF No. 34).

Also before the Court is Defendant MortgageIt's Motion for Sanctions (ECF No. 9). Defendants Deutsche, GMACM, and MERS filed a Joinder to the motion (ECF No. 18).

Plaintiffs have filed a Motion to Vacate Writ of Restitution (ECF No. 12), Motion to Enjoin Summary Judgment (ECF No. 15) and two Counter Motions to Strike (ECF No. 46 & 48).

## FACTS AND BACKGROUND

Plaintiffs filed suit in state court on March 10, 2011, Case No. A-11-636604-C. Defendant MortgageIt removed the action to the United States District Court, District of Nevada on April 22, 2011 based on diversity of citizenship and federal questions grounds. (Removal,

1  ECF No. 1).  Plaintiffs' complaint lists ten causes of action that apparently arise out of
2  Defendants' actions to foreclose upon Plaintiffs' residence. (*See* Complaint, Ex. 1, ECF No. 1).
3  The Complaint is devoid of coherent facts that underlie the causes of actions.  It appears that a
4  loan was issued on or about December 19, 2005 to the Plaintiffs to purchase the residence located
5  at 230 W. Highland Drive, Henderson, Nevada 89105. (*Id.*).  Apparently, the Plaintiff entered
6  into another loan agreement on or about February 9, 2006, but there is no indication as to what
7  this loan is for. (*Id.*).  There are no facts regarding the foreclosure or the specific conduct of each
8  defendant in regards to the alleged harm that has occurred or is occurring against Plaintiffs.

9  Plaintiffs have previously filed three suits with claims related to the subject property.
10  Plaintiff, Kathryn Wolverton, first filed suit in August of 2008.  The 2008 case that named Wells
11  Fargo as a defendant was initially filed in state court and was subsequently removed to federal
12  district court. The 2008 case was eventually dismissed with prejudice pursuant to a stipulation of
13  the parties. (*See* Case No. 2:08-cv-01168-JCM-RJJ, ECF No. 37, attached at Ex. B, ECF No. 34-
14  1.)  The alleged facts of the 2008 case indicate that Ms. Wolverton entered into a loan for the
15  subject property on February 8, 2007. (*See* 2008 Complaint, Request for Judicial Notice, Ex. A,
16  ECF No. 8-2.)

17  In March of 2010, Ms. Wolverton, along with Deborah and Michael Greene, brought a
18  second suit.  Again the March 2010 case was initially brought in the state court and was then
19  removed to federal district court.  The complaint alleged that Ms. Wolverton entered into a loan
20  for the subject property on February 8, 2007. (*See* March 2010 Complaint, Request for Judicial
21  Notice, Ex. C, ECF No. 8-2.) The 2010 case was eventually dismissed with prejudice against
22  HSBC, MERS and Deutsche Bank based on both estoppel grounds and substantive issues. (*See*
23  Case No. 2:10-cv-00700-PMP-PAL, attached at Ex. D, ECF No. 34-1.)  A motion to set aside the
24  order was filed by the Plaintiffs, but was denied on September 29, 2010.

25  Then, on September 29, 2010, Plaintiffs filed a complaint that was nearly identical to the

complaint that was previously dismissed by the Court with prejudice in state court. Curiously however, the subject loan was now apparently entered into by Ms. Wolverton on December 19, 2005. (*See* Sept. 2010 Complaint, Request for Judicial Notice, Ex. E, ECF No. 8-3.) The case was removed to federal district court and eventually dismissed with prejudice when HSBC and MERS filed a Motion to Dismiss based on principles of res judicata. *See* Case No. 2:10-cv-01987-JCM-LRL, ECF No. 17.

Plaintiffs filed the instant suit in state court less than two months after the September 2010 case was dismissed. This case was removed to federal court where Plaintiffs sought a temporary restraining order which this Court denied. (*See* ECF No. 21.)[1]

While it appears that Plaintiffs are trying to state a claim against the 2005 loan, there is no evidence or coherent facts surrounding a foreclosure based on the 2005 loan agreement. All the documents related to the foreclosure sale indicate that Ms. Wolverton was in default under the 2007 Deed of Trust. (*See* Notice of Trustee Sale, Ex. J, ECF No. 34-10; Trustee's Deed Upon Sale, Ex. L, ECF No. 34-11.) The Court is not required to take as true conclusory allegations and accordingly construe the facts under Plaintiff's complaint to apply to the 2007 loan agreement.

## DISCUSSION

**A.    Claim Preclusion (Res Judicata)**

The principle of res judicata bars a plaintiff from reasserting claims that have already been adjudicated. *Clark v. Bear Stearns &Co.,* 966 F.2d 1318, 1320 (9th Cir. 1992); *McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir. 1986). The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits in the first action, and (3) identity or privity between the parties. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir.2011) (quoting *Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*,

---

[1] The documents attached at ECF No. 8 as Exhibits A-L, at ECF No. 18 as Exhibits A-H, at ECF No. 34 as Exhibits B-O and at ECF No. 59 as Exhibits A-B are judicially noticeable under Fed. R. Evid. 201 insofar as they are public documents containing facts not subject to reasonable dispute, nor actually disputed by Plaintiffs.

322 F.3d 1064, 1077 (9th Cir.2003)) (quotation marks omitted).Further, claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties" are barred under res judicata. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir. 1982).

Defendants HSBC, Merscorp, MERS and Deutsche Bank were all previously named defendants in the most recent September 2010 suit.  MortgageIt was a previously named defendant in the March 2010 suit.  In the September 2010 suit, the court found that,

> "not only have the same defendants been named in previous cases, but the very same claims and identical complaint have been previously dismissed. Both the 2008 complaint and the March 2010 complaint stemmed from the same property and "transactional nucleus of facts" as the present litigation. Not only was the exact same complaint dismissed in July of 2010 (doc. #4-2), but any new claims the plaintiffs may wish to add to their present complaint by amending it, as they  assert they can, "could have been asserted" in either of the prior suits, and are barred under res judicata."

(internal citations omitted.)  For the same reason this court dismisses the complaint with respect to Defendants HSBC, Merscorp, MERS, Deutsche Bank and MortgageIt.

America's Servicing Company was named in the 2008 suit.  However, as the stipulation of dismissal points out, America's Servicing Company is a fictitious "doing business as" name of the servicing division of Defendant Wells Fargo, N.A. (*See* Case No. 2:08-cv-01168-JCM-RJJ, ECF No. 37, attached at Ex. B, ECF No. 34-1.)" A judicially approved settlement agreement is considered a final judgment on the merits." *Rein v. Providian Financial Corp*., 270 F.3d 895, 903 (9th Cir. 2001).  As stated above, any claims Plaintiffs  bring regarding the subject property could have been asserted in the prior suit against Wells Fargo.  Accordingly, this suit against Wells Fargo is barred under res judicata and the Court dismisses the complaint against Wells Fargo.

It is not apparent from the face of the complaints that Defendant GMACM was ever

named as a party to the previous suits brought by Plaintiffs.  However, to satisfy the third element of claim preclusion a party need only be in privity with a party to the former litigation. Generally, " '[p]rivity' ... is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052-53 (9th Cir.2005) (citation and quotation marks omitted, second modification in original). The Ninth Circuit Court of Appeals has stated that "[p]rivity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest." *Id.* at 1053.

The Adjustable Rate Note dated February 8, 2007 and signed by Plaintiff, Kathryn Wolverton identifies MortgageIt, Inc. as the lender and directs Plaintiff to make monthly payments to GMACM demonstrating that GMACM was the loan servicer on the underlying transaction.  (Adjustable Rate Note, Ex. A, ECF No. 59-1.) "[A] mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan." *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006).  GMACM is in privity with defendant MortgageIt because as the mortgage servicer, GMACM is the agent of the lender, MortgageIt. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 691–92 (9th Cir.2007) (agents and employees in sufficient privity to invoke res judicata).  Accordingly, for the same reasons this suit is dismissed as to MortgageIt, it is also dismissed as to GMACM.

However, the *lis pendens* will not be expunged at this time, as there is still one Defendant, Chicago Title Agency of Nevada, Inc., remaining in the lawsuit.  There is no proof on the docket that this Defendant was ever properly served with the complaint.  Accordingly, the Clerk of Court also is ordered to issue its notice of intent to dismiss pursuant to 4(m) if proof of service is not filed in 14 days.

/ / /

### B. Motion for Sanctions

Defendants MortgageIt, Inc. request an award of their attorney's fees under N.R.S. § 18.010. Motion to Dismiss (ECF No. 7). Defendants also ask that Plaintiffs should be sanctioned pursuant to Fed. R. Civ. P. 11 for frivolously filing an action that has already been adjudicated. However, it is unclear what specific sanction Defendant seeks to have this court impose. Finally, Defendants would like for the Court to enter an injunction, enjoining Plaintiffs from re-filing these claims which have already been adjudicated.

Under Rule 11(c)(2), a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Defendants provide no evidence that they gave the required prior notice to Plaintiffs explaining why they would be filing a motion for sanctions. The Ninth Circuit has held that sanctions may not be imposed where the party seeking sanctions failed to comply with the 21-day safe harbor period. *See Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir.2009) ("Failure to provide the required notice precludes an award of Rule 11 sanctions"). Under N.R.S. § 18.010 there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party. While there does appear to be evidence that Plaintiffs bring this complaint without reasonable grounds the court will not award attorney's fees at this time. Moreover, providing injunctive relief enjoining a party's access to the courts is an extreme sanction that should be used sparingly. Therefore, Defendants' request for sanctions is DENIED.

However, Plaintiffs are hereby admonished to refrain from filing additional baseless lawsuits against MortgageIt, GMACM, MERS, Deutsche Bank, HSBC and Wells Fargo arising out of the 2007 loan or foreclosure of the real property located at 230 W. Highland Drive, Henderson, Nevada 89105 for which Plaintiffs have already had two cases dismissed on their

merits. Further meritless lawsuits against those Defendants will result in sanctions being imposed upon Plaintiffs pursuant to Federal Rule of Civil Procedure 11 and this Court's inherent power.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant MortgageIt, Inc.'s Motion to Dismiss (ECF No. 7), Defendants GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc. and Deutsche Bank National Trust Company's Motion to Dismiss (ECF No. 17) and HSBC Bank USA, N.A.; HSBC Mortgage Corp. USA; and Wells Fargo Bank N.A.'s, Motion to Dismiss (ECF No. 34) are hereby **GRANTED**.

The complaint is **DISMISSED** as to Defendants MortgageIt, Inc., GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, HSBC Bank USA, N.A.; HSBC Mortgage Corp. USA; and Wells Fargo Bank N.A.

**IT IS FURTHER ORDERED** that Defendant MortgageIt, Inc.'s Motion for Sanctions (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Vacate Writ of Restitution (ECF No. 12), Motion to Enjoin Summary Judgment (ECF No. 15), and two Counter Motions to Strike (ECF No. 46 & 48) are **DENIED** as moot.

**IT IS FURTHER ORDERED that the Clerk of Court will issue its notice of intent to dismiss as to Defendant, Chicago Title Agency of Nevada, Inc., pursuant to 4(m) if proof of service is not filed by close of business on November 7, 2011.**

**DATED** this 24th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge